UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LEE HOHOL,

           Petitioner,

v.                                                                 Case No. 25-cv-2049-bhl

WAUKESHA COUNTY
CIRCUIT COURT OFFICIALS et al.,

           Respondents.

## ORDER

On December 29, 2025, Dennis Lee Hohol filed a *pro se* petition pursuant to 28 U.S.C. §2254 and on January 7, 2026, paid the $5.00 filing fee. (ECF No 1.) Under Rule 4 of the Rules Governing §2254 cases, this Court must screen the petition and exhibits to determine whether the petitioner has alleged that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The Court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his habeas petition within one year of the judgment becoming final. 28 U.S.C. §2244(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner must either return to state court to exhaust the claim or amend his petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

       The Court's ability to screen Hohol's petition is hindered by his failure to set forth his claims in an understandable way using the Court's required form. Under this Court's Civil Local Rule 9(a), "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. §

2254 . . . must file their . . . petition . . . with the Clerk of Court using forms available from the Court." There is a reason for this rule. The Court's form guides and directs a petitioner to provide the information that the Court needs to evaluate the request for habeas relief and determine whether the petitioner qualifies for that relief. In this case, the petitioner did not use the Court's form and therefore his claims are difficult to decipher. He references Waukesha County Circuit Court Case Nos. 00CF639 and 01CF380 and asserts that he was denied parole on November 13, 2025 and "given a life sentence." (ECF No. 1 at 3.) It is unclear if this claim is cognizable on habeas. To the extent Hohol is complaining about his sentence, he must appeal within the state court system before filing any request for habeas relief. If he is arguing that respondents are violating his rights by keeping him in prison instead of on probation, a challenge to the legality of his ongoing incarceration can be brought under the habeas corpus statute, 28 U.S.C. § 2254. *Graham v. Broglin,* 922 F.2d 379, 380–81 (7th Cir. 1991) (prisoner seeking "freedom" of parole is "seeking what can fairly be described as a quantum change in the level of custody" and must bring suit under habeas corpus statute). At this point, because Hohol failed to use the Court's required form for his petition, the Court cannot properly screen his petition and will therefore take no further action at present. Instead, the Court will give Hohol the opportunity to file an amended petition using the Court's form.

      Accordingly, if Hohol wishes to continue with this *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form, a copy of which the Court directs the Clerk to include with this order. The Clerk is also directed to provide petitioner with the instructions for completing the form and a copy of "Habeas Corpus: Answers to State Petitioners' Common Questions." If Hohol decides to complete the form, he must write the word "Amended" in the middle of the first page of the form, in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody" and complete all sections of the form petition. In particular, he should be careful to include the case number—25-cv-2049—in the space next to the words "Docket No." on the first page. If he is incarcerated, he must identify the institution where he is incarcerated and list as the "Respondent" the warden or superintendent or other official who has custody of him. If he is on parole or supervised release, the proposed respondent is the government official with direct supervisory authority. If the petitioner is not in custody, he must list his current address and phone number. The amended petition must be filed no later than the date set forth below.

Accordingly,

**IT IS ORDERED** that if the petitioner wishes to proceed with this case, the petitioner must file by **February 11, 2026,** an amended petition on the form the Court is providing with this Order. If the Court does not receive the amended petition on this Court's form by **February 11, 2026,** the Court will dismiss the petition on the next business day without further notice or hearing.

Dated at Milwaukee, Wisconsin on January 12, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge