UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LEE HOHOL,

                Petitioner,

v.                                                                  Case No. 25-cv-2049-bhl

DAISY CHASE, Warden,

                Respondent.

## SCREENING ORDER

        On December 29, 2025, Petitioner Dennis Lee Hohol, a state prisoner currently incarcerated at Redgranite Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (ECF No. 1.) On January 7, 2026, Hohol paid the $5.00 filing fee. The Court reviewed Hohol's petition and ordered him to file an amended petition on the Court's local form, which the Court provided, if he wished to proceed with this case. (ECF No. 3.) On February 2, 2026, Hohol complied and filed an amended petition utilizing the Court's local form. (ECF No. 6.) Hohol's petition is ready for screening.

## SCREENING THE PETITION

        Rule 4 of the Rules Governing Section 2254 Cases provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm that those claims have been exhausted in state court and do not involve an improper successive petition.

## PETITIONER'S ALLEGATIONS

Dennis Lee Hohol is serving state prison sentences for second degree sexual assault of a child and child enticement. In Case No. 00CF000639, a Waukesha County circuit court judge convicted Hohol of three counts of second-degree sexual assault of a child and sentenced him to twenty-one (21) years in prison. In Case No. 01CF000380, the same judge convicted Hohol of one count of child enticement – sexual contact and sentenced him to fourteen (14) years in prison, the sentence to run consecutively to Case No. 00CF000639. (ECF No. 6 at 31–33.) Hohol appealed and his convictions were affirmed by the Wisconsin Court of Appeals on September 28, 2005. (*Id.* at 19.) Hohol did not seek review by Wisconsin's Supreme Court. (*Id.* at 5.)

Hohol states that he has filed numerous postconviction motions from 2002 to 2026. (*Id.* at 8.) In an order dated June 7, 2022, a Wisconsin circuit court judge noted that many of that court's predecessors had reviewed and denied numerous post-conviction motions filed by Hohol. (*Id.* at 44–45.) In one instance, Hohol was appointed counsel but that counsel was allowed to withdraw on the grounds that he could discern no claims with sufficient merit to proceed. (*Id.* at 45.) The circuit court judge determined that Hohol's claims were barred because they had been or could have been raised in prior appeals and post-conviction motions. (*Id.* citing *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157 (1994).)

Hohol's petition does not clearly identify his claims. But he has clearly failed to disclose his prior federal habeas filings. In response to the form's inquiry into his prior federal challenges, Hohol wrote "N/A." (ECF No. 6 at 47.) This is incorrect. Hohol has filed at least two prior petitions for writ of habeas corpus under 28 U.S.C. §2254 in the Western District of Wisconsin challenging his Waukesha County convictions. *See Hohol v. Dittman*, No. 14-cv-81-bbc, 2014 WL 1017859 (W.D. Wis. Mar. 17, 2014) (Hohol Petition I); *Hohol v. Meisner*, No. 19-cv-993-bbc, 2020 WL 2747742 (W.D. Wis. May 27, 2020) (Hohol Petition II). In Hohol Petition I, he challenged a decision to deny his request for parole in 2011. 2014 WL 1017859 at *1. The district court "found no merit," denied Hohol's petition, and denied Hohol a certificate of appealability. *Id.* at *1–2. In Hohol Petition II, he raised five claims challenging his convictions. 2020 WL 2747742, at *1. The district court found that three of Hohol's claims were barred from federal review by the one-year statute of limitations under 28 U.S.C. §2244(d)(1) because the state courts' final ruling occurred more than eight years ago and that Hohol had procedurally defaulted on all

five of his claims by not appealing the state circuit court's denials of his requests for postconviction relief with respect to his claims. *Id.*

## ANALYSIS

Hohol's current petition is a successive petition. "[I]n order for a habeas petition to be considered successive, the previous [2254 petition] must have been denied on the merits," and "[t]he district court must have engaged in substantive review." *See Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999). As noted above, Hohol has twice brought claims under Section 2254, once in 2014 and again in 2020, contesting the same custody imposed by the same judgments of a state court. Both of his prior petitions were decided and dismissed on the merits.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. §2254(a) must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, §2244(b)(1)–(2). Before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." §2244(b)(3)(A); *see also* Rule 9 of the Rules Governing Section 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. §2244(b)(3) and (4)."). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in §2244(b)(2). *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (citations omitted). "No matter how powerful a petitioner's showing, only [the federal court of appeals] may authorize the commencement of a second or successive petition." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The district court has no choice; it "*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Id.* (emphasis in original). As a result, under AEDPA, Hohol was required to receive authorization from the Seventh Circuit Court of Appeals before filing this petition. Because he did not do so, this Court is without jurisdiction to entertain it under Rule 9 of the Rules Governing 2254 Cases and 28 U.S.C. §2244(b)(3)(A). The petition is therefore an unauthorized successive petition and will be dismissed with prejudice.

Hohol's petition is also without merit. Although the claims in Hohol's petition are difficult to discern, he appears to be challenging the most recent denial of parole. Prisoners in Wisconsin do not have a right to any process with respect to a parole decision until they reach their mandatory release date. *Felce v. Fiedler*, 974 F.2d 1484, 1491–92 (7th Cir. 1992). Hohol's mandatory release date is January 21, 2033. *See* https://appsdoc.wi.gov/lop/details/detail (last visited 2/5/26).

## CONCLUSION

**IT IS HEREBY ORDERED** that Dennis Lee Hohol's amended petition pursuant to 28 U.S.C. §2254, ECF No. 6, is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE**. The Court does not find that reasonable jurists could debate that the petitioner has made a substantial showing that the petition should have been resolved in a different manner. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 5, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge