UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS LEE HOHOL,

        Petitioner,

        v.                                             Case No. 25-cv-2049-bhl

DYLON RADTKE,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

      On February 5, 2026, the Court screened and dismissed Petitioner Dennis Lee Hohol's petition for writ of habeas corpus under 28 U.S.C. Section 2254, concluding that it was an improper successive petition. (ECF No. 7.) Hohol filed at least two prior petitions for writ of habeas corpus under 28 U.S.C. §2254 in the Western District of Wisconsin challenging the same Waukesha County convictions. *See Hohol v. Dittman*, No. 14-cv-81-bbc, 2014 WL 1017859 (W.D. Wis. Mar. 17, 2014); *Hohol v. Meisner*, No. 19-cv-993-bbc, 2020 WL 2747742 (W.D. Wis. May 27, 2020). As a result, under The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Hohol was required to receive authorization from the Seventh Circuit Court of Appeals before filing a new petition. (ECF No. 7 at 3.) As the Court explained, because he did not do so, this Court lacked jurisdiction to entertain his latest petition under Rule 9 of the Rules Governing 2254 Cases and 28 U.S.C. §2244(b)(3)(A) and was compelled to dismiss it. (*Id.*)

      Hohol has now filed a motion for reconsideration. (ECF No. 9.) Hohol invokes General Local Rule 72, but it relates to the authority of magistrate judges and has no application here. Indeed, the Federal Rules of Civil Procedure do not authorize motions to reconsider, but the Seventh Circuit has instructed district courts to consider such motions under Rules 59(e) or 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Regardless of which rule the Court applies, Hohol's motion must be denied.

      Rule 59(e) "enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of*

*Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citation omitted). A manifest error of law "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Hohol has not demonstrated that he is entitled to relief as he has not shown that his petition is not a successive petition. It is well settled that a party's disagreement with the Court's analysis is not a sufficient basis for granting a Rule 59(e) motion.

Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Eskridge v. Cook Cnty.*, 577 F.3d 806, 809 (7th Cir. 2009) (citation omitted). Rule 60(b) allows relief based on any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b). None of these reasons is present here.

Accordingly, **IT IS HEREBY ORDERED** that Hohol's Motion for Reconsideration, ECF No. 9, is **DENIED**.

Dated at Milwaukee, Wisconsin on February 25, 2026.

                                                                             s/ Brett H. Ludwig
                                                                             BRETT H. LUDWIG
                                                                             United States District Judge